IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH ANN SMITH, | ) | 8:13CV54 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ANGIE ANDERSON, PayPal, | ) | |
| REBECCA SALINAS, | ) | |
| Paypal/EBAY-MYHR, HANNA | ) | |
| BASKERVILLE, PayPal/EBAY- | ) | |
| MYHR, HEATHER ANDRUS, | ) | |
| Sedgwick CMS, MAGGIE LOZA, | ) | |
| Sedgwick CMS, and TAN PAYTON, | ) | |
| Appeal Department Sedgwick, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on February 15, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court also addresses Plaintiff's Motion to Appoint Counsel. (Filing No. 3.)

**I. SUMMARY OF COMPLAINT**

Plaintiff alleges she is an employee of PayPal, Inc. ("PayPal"), and a participant in its employee benefit plan. Liberally construed, Plaintiff alleges that PayPal and PayPal's claims administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"), wrongfully denied her short-term disability benefits under a benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (*See* Complaint at Filing No. 1 at CM/ECF pp. 2-5; *see also* ERISA right-to-sue letter at *id.* at CM/ECF pp. 67-68.) Plaintiff filed this action

against six individuals: (1) Angie Anderson ("Anderson"), a "director" at PayPal, (2) Rebecca Salinas ("Salinas"), a human resources employee at PayPal, (3) Hanna Baskerville, Plaintiff's "employer" at PayPal, (4) Heather Andrus ("Andrus"), a "claims specialist" at Sedgwick, (5) Maggie Loza ("Loza"), a Sedgwick employee, and (6) Tan Payton ("Payton"), an employee of Sedgwick's "Appeal Department." (Filing No. 1 at CM/ECF pp. 1, 4.)

Plaintiff's allegations are rambling and difficult to decipher. As best the court can tell, Plaintiff alleges that she suffers from severe depression and post-traumatic stress disorder. (*Id.* at CM/ECF p. 2.) Based on the advice of her doctors, she "took time off" in order to avoid "end[ing] up in the hospital."[1] (*Id.* at CM/ECF pp. 2, 4.) Plaintiff requested short-term disability leave from PayPal, and her claim for benefits was managed by Sedgwick. Thereafter, Sedgwick and PayPal employees "conspired" to deny her claim for benefits. (*Id.* at CM/ECF p. 4.) Specifically, Baskerville asked Andrus for "information" that she and the other managers would use in order to "come up with a plan of action to take against [Plaintiff]." (*Id.*) In addition, Plaintiff alleges Sedgwick denied Plaintiff's claim for benefits using "medical records that they should not have had." (*Id.* at CM/ECF p. 5.) In a "Quick Notes" document attached to Plaintiff's Complaint, Plaintiff alleges that Andrus was the individual who acquired these "unauthorized" medical records, and she shared them with PayPal. (*See id.* at CM/ECF pp. 9-11.) Plaintiff alleges that her claim for benefits was denied despite the existence of "clear documentation" from her doctors supporting her claim. (*Id.* at CM/ECF p. 2.)

As relief, Plaintiff seeks an order sanctioning PayPal and Sedgwick for their "wrong doing in handling [Plaintiff's] case." (*Id.* at CM/ECF p. 7.) Plaintiff also

---

[1] CM/ECF pages 3 and 4 of Filing Number 1 are in reverse order. The court will direct the clerk's office to strike Filing Number 1 and correct the order of the pages.

2

seeks "back pay," and damages for the pain and suffering she has endured. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

**A.    No Fair Notice of Claims Against Anderson, Salinas, Loza, and Payton**

3

Plaintiff's allegations with respect to Defendants Anderson, Salinas, Loza, and Payton fail to state a claim upon which relief may be granted. Plaintiff alleges that Anderson sent Plaintiff an e-mail message on September 30, 2012, asking Plaintiff if she would be returning to work the following week. (Filing No. 1 at CM/ECF p. 3.) Plaintiff also alleges that Anderson asked Plaintiff to contact Salinas. (*Id.*) Plaintiff's Complaint includes no other allegations about Anderson or Salinas. In addition, Loza and Payton are not mentioned in the body of Plaintiff's Complaint.

Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555)). Here, the court cannot determine with any certainty Plaintiff's basis for suing Anderson, Salinas, Loza, and Payton. Apart from being listed as defendants on Plaintiff's Complaint form, it is entirely unclear why Plaintiff is suing them. The court notes that these individuals' names appear sporadically throughout the 61 pages of correspondence and other documentation that Plaintiff attached to her Complaint. (*See* Filing No. 1 at CM/ECF pp. 9-73.) However, Plaintiff did not reference these attachments in her Complaint, and the court will not sort through them only to guess what documents, if any, Plaintiff intended to support her claims against these individuals. Accordingly, the court will dismiss Plaintiff's claims against Anderson, Salinas, Loza, and Payton without prejudice to reassertion in an amended complaint.

**B.     ERISA Claims Against Baskerville and Andrus**

Liberally construed, Plaintiff brings an ERISA action to recover benefits allegedly due under her employee welfare benefit plan. Plaintiff, suffering from severe depression and post-traumatic stress disorder, applied for short-term disability benefits under her plan, and her application was denied. Liberally construed, Plaintiff

alleges that both Baskerville and Andrus took steps to ensure Plaintiff's claim for benefits would be denied.

Under ERISA, a participant or beneficiary of a plan may bring a civil lawsuit "to recover benefits due to him under the terms of [the] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ." 29 U.S.C. § 1132(a)(1)(B). In addition, ERISA makes it unlawful to "discharge, fire, suspend, expel, discipline, or discriminate against a participant or beneficiary [of an employee benefit plan] for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

Here, Plaintiff received a letter dated January 29, 2013, from the Sedgwick Appeals Unit setting forth that she completed "the final level of appeal" from the denial of benefits and that she had "the right to bring suit under Section 502(a) of the Employee Retirement Security Act of 1974." (Filing No. 1 at CM/ECF p. 68.) Plaintiff filed suit in this court less than one month later, on February 15, 2013. (*See* Docket Sheet.) Thus, it is clear from Plaintiff's allegations, and the materials attached to her Complaint, that Plaintiff's request to recover benefits was denied, and that she is now entitled to file suit under ERISA. For these reasons, the court will allow Plaintiff's ERISA claims to proceed to service. The court questions whether Baskerville and Andrus are proper defendants to Plaintiff's ERISA action, however, the court is reluctant to dismiss Plaintiff's case at this stage of the proceedings on that basis. See *Greenwald v. Liberty Life Assurance Co. of Boston*, No. 4:12-CV-3034, 2013 WL 1156438, *27 (D. Neb. March 20, 2013) ("Determining which entities are proper defendants on a claim for benefits under § 1132(a)(1)(B) is surprisingly complex.") (citation omitted). See also *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009) ("[W]e must be cognizant of the practical context of ERISA litigation. No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery

5

commences. Thus, while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information.") The court finds that Plaintiff's allegations are sufficient to nudge her ERISA claims across the line from conceivable to plausible. The court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. HIPAA Claims Against Andrus

Plaintiff alleges that Andrus violated her rights under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d–1320d–9, when she obtained and shared various medical records without Plaintiff's authorization. (Filing No. 1 at CM/ECF pp. 9-10.) However, HIPAA does not provide Plaintiff with a private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

HIPAA governs a patient's right to see, get a copy of, and amend (correct) his own medical records. The Act does not create a right for an individual to maintain a private law suit in his own name for an alleged violation of HIPAA. *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (holding that "Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"). Accordingly, Plaintiff's HIPAA claim must be dismissed.

### D. Employment Discrimination Claims

On the civil complaint form, Plaintiff listed "Employment discrimination" as a basis for this court's jurisdiction. (*See* Filing No. 1 at CM/ECF p. 6.) However, as best the court can tell, Plaintiff's allegations relate entirely to the denial of her short-term disability benefits. Accordingly, Plaintiff's employment discrimination claims,

6

to the extent she intended to raise any, will be dismissed without prejudice to reassertion in an amended complaint.

### IV. MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (Filing No. 3.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's ERISA claims against Baskerville and Andrus may proceed and service is now warranted. All other claims against all other Defendants are dismissed without prejudice to reassertion in an amended complaint.

2. To obtain service of process on Baskerville and Andrus, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO summons forms and TWO USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summonses and Complaint

without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**November 25, 2013**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8. Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied without prejudice to reassertion.

9. CM/ECF pages 3 and 4 of Filing Number 1 are in reverse order. The Clerk of the court is directed to strike Filing Number 1 from the record and replace it with a filing with the corrected order of pages.

DATED this 31st day of July, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.